IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE,<br>　　　　Plaintiffs,<br><br>v.<br><br>THE GARDENS FOR MEMORY CARE<br>AT EASTON, PRIORITY HEALTHCARE<br>GROUP, PRIORITY HEALTHCARE<br>GROUP, LLC, AND MAYBROOK-P<br>PRAXIS OPCO, LLC,<br>　　　　Defendant. | CIVIL ACTION<br><br><br><br>NO. 18-4027<br><br>FILED<br>SEP 21 2018<br>KATE BARKMAN, Clerk<br>By___JZ___ Dep. Clerk |

## ORDER

AND NOW, this 21st day of September, 2018, upon consideration of Plaintiff's Motion to Proceed Anonymously (ECF No. 2), it is hereby **ORDERED** that the Motion is **CONDITIONALLY GRANTED.**[1]

BY THE COURT:

_____
WENDY BEETLESTONE, J.

---

[1] Rule 10 of the Federal Rules of Civil Procedure requires a complaint to include in its caption the name of all of the parties in the litigation. Fed. R. Civ. P. 10. That requirement reflects the principle that people have a right to know who is using their courts and that, accordingly, judicial proceedings are presumptively open to the public. *See Doe v Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citations omitted). Nevertheless, there are some instances where courts have allowed pseudonyms including in cases in which a plaintiff is transgender, as here, if the plaintiff can show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Id.* (citation omitted).



In balancing these interests- -the public interest in open courts and the protection of plaintiffs who reasonably fear severe harm if their identities are made public--the Third Circuit has endorsed a non-exhaustive list of factors to be considered. *Id.* (citing *Doe v Provident Life & Accident Ins Co*, 176 F.R.D. 464, 467 (E D. Pa. 1997)).

Factors in favor of anonymity include:

"(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases, (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities, (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives."

*Id.* at 409. Those that favor including the plaintiff's name in the caption include:

"(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained, and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated."

*Id.* While there is, of course, as instantiated in Rule 10, a general level of interest in accessing the identities of parties to a case, in this case, at least as yet, there does not appear to be any specific public interest in the name of this particular Plaintiff or any opposition to allowing the Plaintiff to proceed as a "Jane Doe." According to the Complaint, the Plaintiff is a certified nursing assistant, not a public figure, who, according to an affidavit she submitted in support of this motion, has limited revealing the fact that she is transgender to only those instances that are necessary.

In her Complaint, Plaintiff sets forth a litany of comments and actions at work which she alleges were directed at her transgender status and which support the workplace discrimination claims she makes. In her brief in support of this motion she speaks of a fear of violence if her name is included in the Complaint citing statistics, several articles, and individual instances of violence against transgender people, in support of those propositions. She makes a point, however, that she is not requesting that the matter be sealed, only that her name be kept out of the Complaint. More specifically, she is prepared to conduct discovery, depositions and trial with her actual preferred name.

Given all of the above, Plaintiff's motion shall be conditionally granted. If circumstances change such that a re-evaluation of the *Megless* factors is warranted, the Court will do so.